### JOHN PHIPPS v. STATE.

No. A-4471.  Opinion Filed May 13, 1924.
(225 Pac. 722.)

(Syllabus.)

**Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Possession.** In a prosecution for unlawful possession of intoxicating liquors, evidence held sufficient to sustain conviction, and that no material error was committed on the trial.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

John Phipps was convicted of a violation of the prohibitory liquor law, and he appeals. Affirmed.

J. H. Mathers, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. Plaintiff in error, John Phipps, was convicted on a charge that he did have in his possession whisky with intent to sell the same, and his punishment fixed at confinement in the county jail for 90 days and a fine of $100. He has appealed from the judgment rendered upon such conviction.

The assignments of error relate to the rulings of the court in the admission and rejection of evidence, instructions given to the jury, and the sufficiency of the evidence taken as a whole to sustain the verdict.

The testimony on the part of the state shows that Marion Ratliff, an oil field worker, went into the Caddo Wagon Yard in Ardmore on the date alleged to buy whisky. He testified:

"I said to defendant I wanted to buy some whisky; he said, 'Come with me;' we went into the wagon shed and he took a four-ounce bottle out of his shirt and gave me a drink; I paid 50 cents for the drink, he put the bottle back in his bosom."

Bob Short, deputy sheriff, testified:

"Marion Ratliff came up from the wagon yard and described Mr. Phipps as the man that sold him some whisky; I called Mr. Bell and we went down to the wagon yard; Mr. Phipps and another man were sitting there; we searched Mr. Phipps and found one full four-ounce bottle and another bottle half full of corn whisky in his shirt. He did not admit, deny, or affirm anything. He refused to talk after the first question."

As a witness in his own behalf John Phipps testified:

"I work in the Caddo Wagon Yard; I was cleaning up that day and found a bottle in the manger, pulled the cork, tasted it, and emptied it into two Jake four-ounce bottles and put them in my bosom. I drank one-half of one of them; I was sitting down; Mr. Kennedy was sitting beside me; the officers appeared, and one of them said, 'Hold your hands up,' and they found these bottles on me; I did not sell any of that whisky; I have lived here ten years and was never charged with an offense before; never saw Mr. Ratliff before that day; he said he wanted some corn whisky, and I told him if I had any I would not sell it."

We deem it sufficient to say that the record shows that the trial was free from error. No objection was made or

exception taken to the instructions given, and the testimony is amply sufficient to sustain the verdict. The defendant, from all that the record discloses, had a fair trial. The judgment of the lower court is accordingly affirmed.

MATSON, P. J., and BESSEY, J., concur.